IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN R., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 4:24-CV-81-BK |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| DEFENDANT. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Stephen R. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The parties have consented to the exercise of jurisdiction by the undersigned for all proceedings. *See* Special Order No. 3-350 (N.D. Tex. Sep. 11, 2023); *see also* Doc. 6. For the reasons explained below, the Commissioner's decision is **REVERSED**.

**I. BACKGROUND**

   A. *Procedural and Factual Background*

Plaintiff, proceeding *in forma pauperis*, seeks judicial review of the Commissioner's final decision denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act ("the Act"). Plaintiff filed his application in October 2020, alleging disability beginning in October 2019 due to diabetes and neuropathy. Doc. 10-1 at 75, 370.[1] The Commissioner denied Plaintiff's application at all administrative levels, and he now appeals

---

[1] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

to this Court pursuant to 42 U.S.C. § 405(g).  *See* Doc. 10-1 at 6-10; Doc. 10-1 at 16-18; Doc. 10-1 at 72; Doc. 10-1 at 73.

Plaintiff has a high school education.  Doc. 10-1 at 367.  He was born in 1970 and was 50 years old at the time of his alleged disability onset date.  Doc. 10-1 at 23, 367.  Plaintiff has past relevant work experience as a blood donor unit assistant and janitor.  Doc. 10-1 at 27.

### B.  *Relevant Medical History*

Plaintiff has various medical diagnoses, including diabetes mellitus, neuropathy, hypertension, obesity, and chronic hepatitis C with cirrhosis.  Doc. 10-1 at 848-49, 853, 905, 965.  He has sought treatment for, among other issues, complications from his diabetes, such as numbness and tingling in his upper and lower extremities, including in the left hand from wrist to his middle finger; pitting and edema in his extremities; and diabetic ulcers on his right foot. Doc. 10-1 at 662-63, 696, 719, 1073-76, 1085.  He has been prescribed three types of insulin, as well as Metformin and Actos, for diabetes.  Doc. 10-1 at 851-55.  He has been prescribed gabapentin and Cymbalta for his diabetic neuropathy.  Doc. 10-1 at 855, 859.  Intermittently, for a variety of reasons (including cost), Plaintiff did not fully adhere to his physician's instructions regarding filling his medications.  Doc. 10-1 at 480, 484-85, 752, 787.

### C.  *The ALJ's Findings*

In August 2021, the ALJ issued an unfavorable decision, applying the customary five-step sequential analysis.  Doc. 10-1 at 19-29.  The ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date.  Doc. 10-1 at 21.  He also found that Plaintiff suffers from the severe disabilities of diabetes mellitus, neuropathy, hypertension, obesity, and hepatitis C, but did not have an impairment or combination of impairments that met

or medically equaled a listing for presumptive disability under the Code of Federal Regulations.

Doc. 10-1 at 21-22.

The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to

perform a "reduced range of work at the light exertional level," including

> lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently; sitting a
> total of 6 hours in an 8-hour workday; and standing and/or walking a total 6 hours in an
> 8-hour workday. . . . He can also perform activity with frequent handling and
> fingering bilaterally.

Doc. 10-1 at 22.

Relying on the hypothetical opinion of a vocational expert ("VE"), the ALJ found that

Plaintiff was able to return to his past work as a blood donor unit assistant.  Doc. 10-1 at 27-28,

62.  In addition to his past relevant work, the ALJ found that other jobs existed in significant

numbers in the national economy that Plaintiff can perform, including office helper, retail

marker, and sales attendant.  Doc. 10-1 at 28-29.  Consequently, the ALJ determined that

Plaintiff was not disabled under the Act.  Doc. 10-1 at 29.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C.

§ 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine

whether a claimant is disabled: (1) an individual who is working and engaging in substantial

gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not

disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the

regulations will be considered disabled without consideration of vocational factors; (4) if an

3

individual is capable of performing her past work, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

4

III. **ANALYSIS**

   A. ***The ALJ's RFC determination is not supported by substantial evidence.***

Plaintiff contends that the ALJ's RFC determination is not supported by substantial

evidence. Doc. 13 at 10-15. Specifically, Plaintiff maintains that the ALJ did not identify any

medical opinion, medical evidence, or other evidence as the basis for his determination that

Plaintiff could "perform activity with frequent handling and fingering bilaterally" and instead

impermissibly substituted his own medical judgment to determine Plaintiff's ability to work.

Doc. 31 at 10-12, 15. In response, the Commissioner acknowledges that the ALJ rejected the

only medical opinion in the record but contends that the ALJ's RFC finding "is supported by the

record as a whole." Doc. 14 at 6.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a

claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016)

(quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC

determination based on all the relevant medical and other evidence in the record," *Gonzales v.*

*Colvin*, No. 3:15-cv-685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R.

§ 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay

witnesses and to weigh their opinions and testimony accordingly," *Fontenot*, 661 F. App'x at

277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). "Usually, the ALJ should

request a medical source statement describing the types of work that the applicant is still capable

of performing. The absence of such a statement, however, does not, in itself, make the record

incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. §

404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry

5

focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*

Upon review, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

Here, the ALJ found that Plaintiff had the RFC to perform a "reduced range of work at the light exertional level," including lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently; sitting a total of 6 hours in an 8-hour workday; and standing and/or walking a total 6 hours in an 8-hour workday." Doc. 10-1 at 22. With respect to manipulative limitations, the ALJ recognized that Plaintiff's impairments affected his ability to use his hands for handling and fingering, and the ALJ restricted Plaintiff to "frequent[ly] handling and fingering bilaterally." Doc. 10-1 at 22.

The only medical opinions in the record were those of the State Agency Medical Consultants ("SAMCs"). On initial determination, SAMC Craig Billinghurst, M.D., opined there was "insufficient evidence" to make a medical assessment. Doc. 10-1 at 68-69. He did not opine on any functional limitation arising from Plaintiff's impairments. Doc. 10-1 at 70. On reconsideration, SAMC Laurence Ligon, M.D., reevaluated Plaintiff's claim and opined that Plaintiff was limited to the full range of "medium work," but specifically noted he had no "manipulative limitations." Doc. 10-1 at 77.

The ALJ found that the SAMCs opinions were supported by the evidence at the time the opinions were rendered, but found "evidence acquired at the hearing level, including the effect of additional impairments of diabetes, hypertension, hepatitis C, and obesity on the claimant . . . warrants greater restriction to light work with occasional postural activities and frequent

6

handling and fingering per the RFC."  Doc. 10-1 at 27.  Thus, he found the SAMCs opinions "not supported or consistent with the record."  Doc. 10-1 at 26.[2]

 Having found that Plaintiff had manipulative limitations in handling and fingering, the ALJ does not explain how he determined Plaintiff could handle and finger frequently or the effect those limitations had on Plaintiff's ability to work.  Further, the ALJ does not identify any medical or other evidence as the basis for his finding that Plaintiff can handle and finger frequently.  While the ALJ refers to the entire record, and Plaintiff's ability to complete activities of daily living, he does not identify or explain what evidence in the record or what activities of daily living support his finding that Plaintiff could frequently handle and finger bilaterally.

 In the ALJ's discussion of Plaintiff's activities of daily living, he notes that Plaintiff "indicated that he experienced weakness, numbness, tingling, and pain in his arms and hands [that] made it difficult to lift and carry heavier objects and to grip items . . . and further reported frequently dropping items and difficulty grasping things due to hand pain, noting he had issues with opening jars, using zippers, and tying shoelaces.  Doc. 10-1 at 23 (citing Plaintiff's testimony).  The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Doc. 10-1 at 23.  He

---

[2] Under the current regulations, ALJs do "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R. § 404.1520c(a); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted).

also noted "some non-compliance with medication, which exacerbated his symptoms." Doc. 10-1 at 23. The ALJ then described the activities of daily living Plaintiff can perform "such as cleaning, sweeping, and laundry; performing yardwork; shopping; and driving." Doc. 10-1 at 24. The ALJ also noted that medical staff "did not note [that Plaintiff's] condition[s] would prevent her [sic] from performing activity. Instead, medical staff recommended increased activity." Doc. 10-1 at 24. Still, the ALJ does not explain how the ability to perform those activities of daily living, or increasing exercise, shows Plaintiff can frequently handle and finger bilaterally.

Since the ALJ rejected SAMC Ligon's opinion by finding that subsequent evidence, including at the hearing, necessitated manipulative limitations, there are no medical opinions concerning Plaintiff's ability to handle and finger bilaterally during a six-to-eight-hour workday. Moreover, the Court cannot determine whether the ALJ's RFC finding concerning Plaintiff's handling and fingering limitations is otherwise supported by substantial evidence in the record because the ALJ does not identify medical or other evidence as the basis for his finding. *See Bowles v. Comm'r of Soc. Sec.*, No. 7:20-CV-00112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021) (Ray, J.) (holding RFC must be supported by substantial evidence even though adding limitations suggested the ALJ was simply giving the claimant the benefit of the doubt), *adopted by*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022) (O'Connor, J.).

The ALJ has a responsibility "to adequately explain [her] reasoning in making the findings on which [her] ultimate decision rests, and in doing so must address all pertinent evidence." *Gonzalez v. Berryhill*, No. 3:16-cv-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 17, 2017) (Horan, J.); *see also* SSR 82-62 (S.S.A.), 1982 WL 31386 ("The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a

8

conclusion."); SSR 83-14 (S.S.A.), 1983 WL 3154 ("There must be findings of fact and recitation of the evidence which supports each finding.").

On facts similar to those here, other judges of this Court found that substantial evidence did not support the ALJ's RFC determination. *See Silves H. v. Kijakazi*, No. 3:22-CV-286-K-BN, 2022 WL 17345924, at *4 (N.D. Tex. Nov. 14, 2022) (Horan, J.), *adopted by*, 2022 WL 17345778 (N.D. Tex. Nov. 30, 2022) (Kinkeade, J.). In that case, as here, the SAMC limited the claimant to medium work and found no limitations in handling and fingering. *Id.* at *3. The ALJ in *Silve*s, as in this case, also found that "evidence at the hearing level supported further limitations" and he imposed more restrictive limitations, including that claimant could only "frequently handle and finger bilaterally." *Id.* at 3.

In *Silves*, Magistrate Judge Horan explained:

> Since the ALJ implicitly rejected the SAMCs' opinions by finding that Plaintiff had manipulative limitations, there are no medical opinions concerning Plaintiff's ability to handle and finger during an eight-hour workday. And the undersigned cannot determine whether the ALJ's RFC finding concerning Plaintiff's handling and fingering limitations is otherwise supported by substantial evidence in the record because the ALJ does not identify medical or other evidence as the basis for her finding.

*Id.* at *4. He concluded that "the ALJ erred by making an RFC determination without medical evidence addressing the effects of Plaintiff's manipulative impairments on her ability to work and Plaintiff was harmed by that error. Accordingly, substantial evidence does not support the ALJ's determination of Plaintiff's RFC." *Id.* at *5.

As in *Silves*, in the case *sub judice*, having rejected the only medical opinion in the record regarding the effects of Plaintiff's impairments on his ability to work, that of SAMC Ligon, the ALJ appears to have relied upon his own interpretation of the medical record and testimonial evidence, which he may not do. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir.

2009); *Ripley*, 67 F.3d at 557; *see also Jim S. v. Saul*, No. 3:18-CV-2179-BH, 2019 WL 4694943, at *9 (N.D. Tex. Sept. 25, 2019) (Ramirez, J.) (finding error where, despite the voluminous progress reports, clinical notes, and lab reports in evidence, "none [made] any explicit or implied reference to the effects these conditions h[ad] on claimant's ability to work" and the ALJ could not rely on that "raw medical evidence as substantial support for" the claimant's RFC); *Amy Y. v. Comm'r of Soc. Sec.*, 2023 WL 5209813, at *7 (N.D. Tex. July 25, 2023) (Bryant, J.) (finding error where, in the absence of medical opinions and RFC assessments by state agency consultants, the ALJ made an RFC determination based on medical conclusions he drew from the raw data), *adopted by*, 2023 WL 5216497 (N.D. Tex. Aug. 14, 2023) (Cummings, J.).

While the RFC is ultimately the ALJ's determination, under these circumstances, there is no foundational basis for the ALJ's RFC. For these reasons, the Court concludes that the RFC is not supported by substantial evidence.

### B. The ALJ's error was not harmless.

Because "[p]rocedural perfection in administrative proceedings is not required," the Court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). Consequently, Plaintiff must show he was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing his RFC.

To establish prejudice, Plaintiff must show that the ALJ's failure to rely on a medical opinion as to the effects of his manipulative limitations on his ability to work casts doubt on the existence of substantial evidence supporting his disability determination. *See generally McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) ("Procedural errors in

10

the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citation omitted).

Judges of this Court "have found that the ALJ's failure to rely on a medical opinion concerning the claimant's RFC necessarily casts doubt on the disability determination." *Wanda K.W. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-200-S-BK, 2024 WL 1078300, at *4 (N.D. Tex. Feb. 22, 2024) (Toliver, J.), *adopted sub nom. Williams v. Comm'r of Soc. Sec. Admin. by*, 2024 WL 1078242 (N.D. Tex. Mar. 11, 2024) (Scholer, J.) (collecting cases); *see also Cary G. T. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-CV-1948-BK, 2022 WL 954341, at *4 (N.D. Tex. Mar. 29, 2022) (Toliver, J.) (finding prejudice and remanding where the administrative record revealed that no treating, examining, or consultative medical resource had reviewed the effect of the claimant's conditions on his ability to work, and the ALJ assessed the RFC based on the claimant's testimony and the ALJ's own lay interpretation of medical records); *Antonio A. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-00449-BT, 2024 WL 495260, at *5 (N.D. Tex. Feb. 7, 2024) (Rutherford, J.) (finding prejudice and remanding where the ALJ determined that visual limitations were warranted, but the record was "devoid of any medical expert opinion on what those specific limitations should be."); *Jim S.*, 2019 WL 4694943, at *10 (finding prejudice and remanding where there were no medical opinions in the record regarding the effects Plaintiff's mental impairments had on his ability to work, and the ALJ appeared to have relied on his own interpretation of the medical and other evidence).

As in these cases, the Court concludes that the ALJ's error was not harmless, and remand is required on this issue.

11

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**, and this case is

**REMANDED** to the Commissioner for further proceedings consistent with this opinion.[3]

**SO ORDERED** on March 21, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

_____

[3] In light of this conclusion, the Court need not address Plaintiff's remaining arguments. However, Plaintiff may nonetheless raise them on remand.

12